IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-201-FL

| | |
|---|---|
| S.P., a minor, by and through his next friends Britni Prybol and Kevin Prybol; BRITNI PRYBOL, individually; and KEVIN PRYBOL, individually, <br><br> Plaintiffs, <br><br> v. <br><br> ST. DAVID'S SCHOOL, BOARD OF TRUSTEES OF ST. DAVID'S SCHOOL, MATTHEW DWAINE HILLEGASS; and KAITLIN DIANNE BOST, <br><br> Defendants. <br> - - - - - <br> ST. DAVID'S SCHOOL and KAITLIN DIANNE BOST, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> BRITNI PRYBOL, <br><br> Counterclaim Defendant. | ORDER |

This matter is before the court on defendants' partial motion to dismiss plaintiffs' second amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), (DE 54), and plaintiffs' motion for leave to file a third amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), (DE 59). The matters have been briefed fully and in this posture are ripe for ruling. For the reasons that follow, both motions are granted in part and denied in part.

## BACKGROUND

Plaintiff S.P., by and through his parents Britni and Kevin Prybol, together with his parents proceeding individually, commenced this action against defendant St. David's School, the Board of Trustees of St. David's School ("Board of Trustees"), head of school Matthew Hillegass ("Hillegass"), and third grade teacher Kaitlyn Dianne Bost ("Bost") on May 18, 2022, with claims arising out of the 2021–2022 academic year. Upon motion to dismiss by defendants, plaintiffs filed their first amended complaint August 11, 2022.

On March 28, 2023, the court granted in part defendants' partial motion to dismiss plaintiffs' amended complaint,[1] and of its own initiative extended the deadline for plaintiffs to file a motion for leave to amend based upon forecast that certain pleading deficiencies identified could be cured by amendment. Plaintiffs moved to amend their complaint June 7, 2023. Defendants did not oppose, instead expressly reserving arguments for a motion to dismiss. Plaintiffs' motion was granted, and on June 8, 2023, plaintiffs filed their second amended complaint. It is undisputed that plaintiffs did not file the proposed amended complaint exhibited in their motion to amend. Instead, according to plaintiffs, they inadvertently filed an earlier version of the document, one which omitted two causes of action against Bost that were included in the second amended complaint proposed: intentional infliction of emotional distress and negligent infliction of emotional distress.

On June 22, 2023, defendants filed the instant partial motion to dismiss and an answer to the operative second amended complaint. On June 30, 2023, plaintiffs moved to amend the complaint to the version originally allowed by the court. Both motions are opposed.

---

[1] The court also denied counterclaim defendant Britni Prybol's motion to dismiss claim for libel per se brought by counterclaimants St. David's School and Bost.

# COURT'S DISCUSSION

A. Motion to Dismiss

1. Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Bain, 697 F.2d at 1219. Where a defendant raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts " the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018).[2]

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

---

[2] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

2. Analysis

Defendants move to dismiss plaintiffs' claims in their operative, second amended complaint for violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. (the "ADA") against St. David's School and the Board of Trustees (count one); negligence and gross negligence against all defendants (count four); negligent training, supervision, and retention of Bost against St. David's School and the Board of Trustees (count five); and punitive damages (count seven).

The court considers each count in turn.

a. Count One

Defendants argue plaintiffs lack standing to assert a claim under Title III of the ADA. The court agrees.

The United States Constitution extends the subject matter jurisdiction of the federal judiciary to "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1. "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy. Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). Thus, lack of standing is a deficiency that places litigation outside the court's subject matter jurisdiction. See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013).

The party invoking federal jurisdiction bears the burden of establishing the following three elements, together amounting to the "irreducible constitutional minimum of standing:"

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

4

Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992). Regarding the first element, requiring an injury in fact, a plaintiff who seeks to enjoin future action "must demonstrate that he is immediately in danger of sustaining some direct injury as the result of the challenged official conduct" and the threat of injury is "real and immediate." Beck v. McDonald, 848 F.3d 262, 277 (4th Cir. 2017). "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158 (2014).

Plaintiffs bring their first cause of action pursuant to Title III of the ADA, which "prevents discrimination on the basis of a disability in places of public accommodation." Thomas v. The Salvation Army S. Territory, 841 F.3d 632, 638 (4th Cir. 2016). Plaintiffs assert S.P. is disabled within the meaning of the ADA and contend that defendants failed to make reasonable accommodations.

Though plaintiffs argue that they are not seeking injunctive relief in this claim, injunctive relief is precisely what Title III provides. Id.; see 42 U.S.C. § 12182; see also Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC, 753 F.3d 862, 867 (9th Cir. 2014) ("Damages are not an available remedy to individuals under Title III of the ADA; individuals may receive only injunctive relief."). Considering, then, a claim for injunctive relief, as S.P. no longer attends St. David's School, he cannot demonstrate any future harm. Accordingly, plaintiffs' claim under Title III of the ADA properly is dismissed for lack of standing.

      b.      Count Four

Defendants contend plaintiffs' claims for negligence and gross negligence in the second amended complaint fail for the same reason plaintiffs' claim for negligent infliction of emotional distress in the first amended complaint failed: plaintiffs allege only intentional conduct by Bost and Hillegass. The court agrees.

To establish a claim of negligence, a plaintiff must show that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant's conduct breached that duty; (3) the breach was the actual and proximate cause of the plaintiff's injury; and (4) damages resulted from the injury. Camalier v. Jeffries, 340 N.C. 699, 706(1995); see, e.g., Kiser v. Snyder, 21 N.C. App. 708, 710 (1974) ("A teacher must abide by that standard of care which a person of ordinary prudence, charged with his duties, would exercise under the same circumstances."). "An act or conduct rises to the level of gross negligence when the act is done purposely and with knowledge that such act is a breach of duty to others, i.e., a conscious disregard of the safety of others." Yancey v. Lea, 354 N.C. 48, 53 (2001) (emphasis in original). By comparison, "[n]egligence, a failure to use due care, be it slight or extreme, connotes inadvertence." Id. (emphasis in original). In distinguishing between negligent and intentional conduct, the Supreme Court of North Carolina has explained that "[a] breach of duty may be willful while the resulting injury is still negligent." Pleasant v. Johnson, 312 N.C. 710, 714-15 (1985). "Only when the injury is intentional does the concept of negligence cease to play a part." Id.

As in the first amended complaint, plaintiffs again allege facts demonstrating that defendants Bost and Hillegass engaged in a purposeful scheme to harass and target S.P. Plaintiffs for instance allege that Bost "regularly treated S.P. with overly severe, publicly embarrassing and disproportionate displays of discipline that bordered on abusive," (Compl. (DE 53) ¶ 45); removed S.P.'s chair when S.P. tipped it backwards and, though other students "regularly" tipped their chair backwards and were not "singled out," Bost forced S.P. "to do his classwork while sitting on his knees for the duration of the school day" resulting in rug burns to S.P.'s knees, (id. ¶ 49); "engage[d] in unsettling behavior towards S.P., particularly setting unachievable goals for him and making academic success unachievable," an approach "so oppressive that it became evident she actually wanted S.P. to do poorly in her class," (id. ¶ 63); and "went out of her way to avoid contact with S.P.'s family," (id. ¶ 71). After meeting with Hillegass to discuss this mistreatment, plaintiffs

6

allege that Bost's conduct towards S.P. became "increasingly hostile." (Id. ¶ 123). Plaintiffs additionally allege that Bost "disliked S.P. and the Prybols" and that she "regularly expressed her dislike of S.P. and the Prybols throughout the 2021-2022 academic year." (Id. ¶ 46). Plaintiffs explain that "S.P. suffered severe injury to his mental and physical health" because of "continued and open mocking, mistreatment and severely punitive measures employed by his teacher, Defendant Bost." (Id. ¶ 2).

With respect to Hillegass, plaintiffs allege that he prioritized the "the feelings and image" of Bost over the "health and best interest" of S.P., (id. ¶ 91), and that he made an "effort to horse trade" Britni Prybol's "silence" regarding defendants' misconduct for "appropriate treatment of her son, S.P., by his teacher," (id. ¶ 124). More generally, plaintiffs provide that the instant action "seeks to remedy the pervasive and repeated harassment of S.P." (Id. ¶ 2). Such allegations amount to intentional conduct, not negligence.

Plaintiffs argue that the pleadings describe intentional breaches by defendants Bost and Hillegass, but that the resulting injury still was negligent. See Pleasant, 312 N.C. at 714-15 ("We have noted the distinction between the willfulness which refers to a breach of duty and the willfulness which refers to the injury. In the former only the negligence is willful, while in the latter the injury is intentional."); Brewer v. Harris, 279 N.C. 288, 297 (1971) ("A breach of duty may be wanton and willful, while the act is yet negligent; the idea of negligence is eliminated only when the injury or damage is intentional.").

Plaintiffs' allegations, however, belie that argument. Plaintiffs contend, for instance, Bost "did not want [S.P.] in her classroom and, <u>therefore</u>, treated him disparately from other students." (Id. ¶ 183 (emphasis added)); Bost's was "so oppressive that it became evident <u>she actually wanted S.P. to do poorly in her class</u>," (id. ¶ 63 (emphasis added)); and that once her conduct was reported

7

to Hillegass, Bost became "increasingly hostile." (Id. ¶ 123). Plaintiffs similarly allege that Hillegass actively prioritized Bost's reputation over S.P.'s well-being and even sought to bribe Britni Prybol with "appropriate treatment of her son" in exchange for her "silence." (Id. ¶¶ 91, 124). Thus, according to plaintiffs' allegations, the result of defendants' alleged misconduct, plaintiffs' injury, was in fact intentionally sought by both defendants.

That part of defendants' motion seeking dismissal of plaintiffs' claims for negligence and gross negligence in the operative second amended complaint is granted.

      c.     Count Five

Defendants contend that plaintiffs' claim for negligent training, supervision, and retention of Bost fails where plaintiffs have not successfully pleaded Bost committed a tortious act. See Waddle v. Sparks, 331 N.C. 73, 87 (1992) ("An essential element of a claim for negligent retention of an employee is that the employee committed a tortious act resulting in plaintiffs' injuries."). Though the court has dismissed plaintiffs' claims for negligence and gross negligence against defendant Bost, plaintiffs include in their proposed amended complaint claims of negligent and intentional infliction of emotional distress against Bost. Survival of plaintiffs claim in count five thus rests upon whether those added claims are futile. (See Defs. Reply (DE 63) at 3 (providing that defendants do not dispute that plaintiffs' claim for negligent training would survive a motion to dismiss if plaintiffs "could assert an intentional tort against Ms. Bost"). The court turns to that question below.

      d.     Count Seven

Finally, defendants move to dismiss plaintiffs' claim for punitive damages, contending that a claim for punitive damages is not an independent tort, and thus cannot serve as the basis for an independent cause of action. It is true that "[u]nder North Carolina law, a plaintiff cannot maintain an independent claim for punitive damages." Mitchell v. Lydall, Inc., 16 F.3d 410 (4th Cir. 1994).

They may, however, be recovered in an action for an intentional tort. Pleasant v. Johnson, 312 N.C. 710, 715 (1985). Plaintiffs seek to add a claim for intentional infliction of emotional distress in their motion to amend. Thus, as with plaintiffs' claim in count five, whether plaintiffs may recover punitive damages turns on resolution of plaintiffs' motion to amend.

B. Motion to Amend

  1. Standard of Review

Where, as here, more than 21 days have passed since the filing of an initial complaint or responsive pleading, the plaintiff "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962). With respect to futility, the court may deny leave to amend "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011).

  2. Analysis

The parties do not identify material distinctions between the operative complaint and plaintiffs' proposed amended complaint beyond addition of two claims against Bost: negligent and intentional infliction of emotional distress. Defendant contends these claims both are futile. The court considers each in turn.

9

a. Negligent Infliction of Emotional Distress

Defendants argue plaintiffs' claim for negligent infliction of emotional distress fails for the same reason plaintiffs' claim for negligence and gross negligence in the operative complaint fails. The court agrees.

As the court observed in its March 28, 2023, order, the United States Court of Appeals for the Fourth Circuit in an unpublished decision dismissed a negligent infliction of emotional distress claim because "the material factual allegations charge[d] nothing but intentional acts by [defendant] in failing to accommodate [plaintiff's] MS condition and in discharging him." Mitchell v. Lydall, Inc., No. 93–1374, 1994 WL 38703, at *3 (4th Cir. Feb. 10, 1994). The district courts of this state have repeatedly applied this rule, dismissing negligent infliction of emotional distress claims where plaintiffs only allege intentional conduct on the part of the tortfeasor. See, e.g., Bonham v. Wolf Creek Acad., 767 F. Supp. 2d 558, 563, 573 (W.D.N.C. 2011); Ennett v. Cumberland Cty. Bd. of Educ., 698 F. Supp. 2d 557, 560 (E.D.N.C. 2010); Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 545-46 (E.D.N.C. 2008); Barbier v. Durham Cty. Bd. of Educ., 225 F. Supp. 2d 617, 631 (M.D.N.C. 2002); Thomas v. N. Telecom, Inc., 157 F. Supp. 2d 627, 637 (M.D.N.C. 2000).

On review of the proposed amended complaint, the factual allegations included therein are materially comparable to those made in the operative amended complaint. Plaintiffs fail to point to facts that take defendant Bosts's and Hillegass's alleged misconduct out of the realm of intentional acts. See Pleasant, 312 N.C. at 714-15. Plaintiffs' claim for negligent infliction of emotional distress is thus futile.

In support of amendment, plaintiffs nonetheless contend that defendants waived any objection as they took no position on plaintiffs' original motion to amend with identical complaint attached. That argument is unavailing. Defendants in response forecasted their belief that plaintiffs' arguments did

not meet pleading requirements and reserved argument for a motion to dismiss. That plaintiffs ultimately filed a complaint which did not include a claim for negligent infliction of emotional distress, thereby reasonably causing defendants not to argue for dismissal of such claim, does not result in waiver.

    b.  Intentional Infliction of Emotional Distress

Defendants contend that plaintiffs' claim for intentional infliction of emotional distress also is futile. The court disagrees.

The elements of a claim for intentional infliction of emotional distress are "(1) extreme and outrageous conduct by the defendant (2) which is intended to and does in fact cause (3) severe emotional distress." Waddle v. Sparks, 331 N.C. 73, 82 (1992). "The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it." Id. at 84. "Whether a complaint sufficiently alleges outrageous conduct initially is a question of law." Mitchell v. Lydall, Inc., No. 93–1374, 1994 WL 38703, at *3 (4th Cir. Feb. 10, 1994); see Briggs v. Rosenthal, 73 N.C. App. 672, 676 (1985).

Defendants contend plaintiffs fail to allege extreme and outrageous conduct. Plaintiffs allege in their proposed complaint that defendant Bost, while knowing that S.P. was suffering from a generalized anxiety disorder, intentionally isolated S.P. from his peers, openly mocked him, and engaged in punitive measures over an extended period of time resulting in severe injury to S.P.'s mental and physical health. The court cannot say as a matter of law that such conduct is not "so outrageous as to exceed the bounds of decent society." Baird ex rel. Baird v. Rose, 192 F.3d 462, 472–73 (4th Cir. 1999) (reversing dismissal of a claim for intentional infliction of emotional distress where the plaintiff student alleged the defendant teacher "intentionally attempted to humiliate [the plaintiff], a child, knowing that she was suffering from clinical depression").

Accordingly, that part of plaintiffs' motion to amend seeking to add claim for intentional infliction of emotional distress is allowed.[3] Where plaintiffs successfully plead that defendant Bost committed an intentional tort, plaintiffs' claims for negligent training, supervision, and retention of Bost as well as for punitive damages also survive.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss, (DE 54), and plaintiffs' motion to amend, (DE 59), both are GRANTED IN PART and DENIED IN PART. Plaintiffs are DIRECTED within five days of this order to file their third amended complaint consistent with the analysis herein. As enumerated in plaintiffs' proposed amended complaint, the following claims by plaintiff remain for adjudication:

1. Count II: retaliation in violation of Article V of the ADA against St. David's School and the Board of Trustees;

2. Count III: breach of contract against St. David's School and the Board of Trustees premised upon the 2022–2023 tuition contract;

3. Count V: negligent training, supervision, and retention of Bost against St. David's School, the Board of Trustees, and Hillegass;

4. Count VI: intentional infliction of emotional distress against defendant Bost, in relation to which plaintiffs seek punitive damages;

5. Count VIII: premises liability against St. David's School and the Board of Trustees.

---

[3] Defendants in their response to plaintiffs' motion to amend request that the court grant sanctions against plaintiffs pursuant to Federal Rule of Civil Procedure 16(f) in the form of attorneys' fees. Where defendants' arguments on dismissal still were considered, and defendants likely will be able to recycle substantial work already completed in their answer to the amended complaint, the court in its discretion DENIES defendants' request.

The parties are DIRECTED to confer and propose in a filing with the court deadlines for additional discovery, if any, and amended pretrial deadlines within 21 days of this order.

SO ORDERED, this the 28th day of September, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge