IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CV-201-FL

| | |
|---|---|
| S.P., a minor, by and through his *guardian ad litem*, DAVID SHERLIN, and BRITNI PRYBOL and KEVIN PRYBOL, individually, <br><br> Plaintiffs, <br><br> v. <br><br> ST. DAVID'S SCHOOL, BOARD OF TRUSTEES OF ST. DAVID'S SCHOOL, MATTHEW DWAINE HILLEGASS, and KAITLIN DIANNE BOST, <br><br> Defendants. <br>_____<br> ST. DAVID'S SCHOOL and KAITLIN DIANNE BOST, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> BRITNI PRYBOL, <br><br> Counterclaim Defendant. | **ORDER** |

This is an action brought on behalf of S.P., a minor, for alleged mistreatment while a third-grade student at St. David's School during the 2021-22 academic year. Plaintiffs assert the following claims: (1) retaliation in violation of Title V of the Americans with Disabilities Act, 42 U.S.C. § 12203(a), against all defendants; (2) breach of contract against St. David's School and its Board of Trustees; (3)

negligent training, supervision, and retention against Defendants Hillegass and St. David's School and its Board of Trustees; (4) intentional infliction of emotional distress against Defendant Bost; and (5) premises liability against St. David's School and its Board of Trustees. Plaintiffs allege that "[d]ue to continued and open mocking, mistreatment and severely punitive measures employed by [S.P.'s] teacher, Defendant Bost, S.P. suffered severe injury to his mental and physical health" (3d Am. Compl. [DE #67] ¶ 2) and was ultimately dismissed from the school in violation of federal and state law (*id.* ¶¶ 1, 4–5, 130–45, 161).

Presently before the court is Defendants' motion to compel a mental examination of S.P. pursuant to Rule 35 of the Federal Rules of Civil Procedure. (Defs.' Mot. Indep. Med. Exam. [DE #69].) Defendants contend Plaintiffs have placed S.P.'s mental condition in controversy and there is good cause to require an independent mental examination of S.P. (Defs.' Mem. Supp. Mot. Indep. Med. Exam. [DE #70] at 4–6.) Plaintiffs oppose Defendants' motion, arguing, *inter alia*, that good cause for a mental examination has not been shown because S.P.'s current mental condition is not in controversy and relevant information concerning S.P.'s prior mental health treatment has been provided to Defendants. (Pls.' Mem. Opp. Defs.' Mot. Indep. Med. Exam. [DE #73] at 6–9.)

## DISCUSSION

Rule 35 of the Federal Rules of Civil Procedure authorizes a court to order the mental examination of a party where the party's mental condition is in controversy and good cause has been shown for the examination. Fed. R. Civ. P. 35(a). Under this

2

rule, "a parent or guardian suing to recover for injuries to a minor may be ordered to produce the minor for examination." Fed. R. Civ. P. 35 advisory committee's note to 1970 amendment; Fed. R. Civ. P. 35(a)(1) (authorizing courts "to order a party to produce for examination a person who is in its custody or under its legal control").

An individual's mental condition is generally considered to be in controversy where the individual (1) "has asserted a specific cause of action for intentional or negligent infliction of emotional distress"; (2) "has claimed unusually severe emotional distress"; (3) "has alleged a specific type of disorder or other psychiatric injury"; (4) "has offered her own expert testimony to supplement her claim of emotional distress"; or (5) "concedes that her medical condition is 'in controversy' pursuant to Rule 35." *Walton v. N.C. Dep't of Agric. & Consumer Servs.*, No. 5:09-CV-302-FL, 2011 WL 883579, at *3 (E.D.N.C. Mar. 11, 2011) (quoting *Smith v. Bd. of Governors of the Univ. of N.C.*, No. 7:08-CV-30-D, 2008 WL 4877131, at *1 (E.D.N.C. Nov. 10, 2008)).

Good cause for a physical or mental examination means more than relevancy. *Schlagenhauf v. Holder,* 379 U.S. 104, 118 (1964). It requires a showing of necessity. *EEOC v. Maha Prabhu, Inc.*, No. 3:07-CV-111-RJC, 2008 WL 2559417, at *2 (W.D.N.C. June 23, 2008). A Rule 35 examination is authorized only upon

> an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant.

3

*Schlagenhauf*, 379 U.S. at 118. "Under Rule 35, the invasion of the individual's privacy by a physical or mental examination is so serious that a strict standard of good cause, supervised by the district courts, is manifestly appropriate." *Guilford Nat'l Bank of Greensboro v. S. Ry. Co.*, 297 F.2d 921, 924 (4th Cir. 1962). That is especially true where, as here, a party seeks a compulsory mental examination of a minor. *See Baysinger v. Lucero*, No. 1:09-CV-806-JCH-LFG, 2010 WL 11594890, at *1 (D.N.M. Mar. 26, 2010) ("A mental examination is among the most intrusive of all examinations that can be performed on an individual. A court order authorizing such a[n] examination allows a party to rummage through the recesses of an opponent's psyche, delve into the dark corners of the opponent's mental closet, and look under the bed of a party's private thoughts.").

Defendants have met neither the "in controversy" nor the "good cause" requirements for a Rule 35 examination. Here, the intrusiveness of the examination sought is particularly high. Defendants seek to have an expert of their choosing conduct a compulsory mental examination of a child approximately eleven years of age unobserved by the child's parents or treating psychiatrist. (Defs.' Mot. Indep. Med. Exam. at 2.) While Plaintiffs have asserted a claim for intentional infliction of emotional distress (3d Am. Compl. ¶¶ 172–76) and claim "severe injury to [S.P.'s] mental and physical health" (*id.* ¶ 2), S.P.'s current mental health does not appear to be at issue. Plaintiffs contend, and Defendants do not dispute, that S.P.'s mental health records have been provided to Defendants and S.P.'s treating psychiatrist, Dr. Cherry Chevy, has been deposed by Defendants. At her deposition, Dr. Chevy testified

4

Case 5:22-cv-00201-FL-KS   Document 74   Filed 03/26/24   Page 4 of 5

that S.P.'s mental health has improved since he left St. David's School and she has recommended transitioning S.P. off his medication. (Chevy Dep. Tr. at 172–75 [DE #49-8 at 45–46].) Defendants have not shown that a mental examination conducted now would be helpful to a determination of S.P.'s mental condition during the 2021-22 school year. The probative value of any examination is not high, especially given the two years that have elapsed since the alleged events and the availability, through less invasive means, of other medical evidence concerning S.P.'s mental condition at the relevant time. Defendants have not shown that a Rule 35 mental examination of S.P. is warranted, and their motion is therefore denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to compel a mental examination of S.P. [DE #69] is DENIED.

This 26th day of March 2024.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge